IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAPTAIN KEVIN FINNIN *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| | | Civil Action No.: RDB 06-3429 |
| BOARD OF COUNTY | * | |
| COMMISSIONERS OF FREDERICK | | |
| COUNTY, MARYLAND, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

| | | |
|---|---|---|
| FIREFIGHTER III CHARLES E. SCOTT, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil Action No.: RDB 07-30 |
| BOARD OF COUNTY | * | |
| COMMISSIONERS OF FREDERICK | | |
| COUNTY, MARYLAND, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

| | | |
|---|---|---|
| BATTALION CHIEF DOUG | * | |
| BROWN *et al.*, | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | |
| | * | Civil Action No.: RDB 07-32 |
| BOARD OF COUNTY | | |
| COMMISSIONERS OF FREDERICK | * | |
| COUNTY, MARYLAND, | | |
| | * | |
| Defendant. | | |
| | * | |

**<u>MEMORANDUM OPINION</u>**

These three related actions were filed by various employees ("Plaintiffs") of Frederick County's Division of Fire and Rescue Services ("DFRS") to challenge the DFRS's promotions and pay policies.  Specifically, Captain Kevin Finnin ("Finnin"), Captain Dennis Wenner ("Wenner"), and Firefighter III Charles E. Scott ("Scott") allege that they were denied promotions within DFRS, because the administrative rules for discretionary promotions were not followed.  In addition, twenty-two DFRS officers, including Finnin and Wenner, allege that newly promoted individuals of the same rank within DFRS are paid salaries exceeding their respective salaries.  The Plaintiffs claim that their federal and Maryland constitutional rights were violated and seek several remedies, including injunctive and declaratory relief, a writ of mandamus, and a writ of certiorari.  Pending before this Court are Defendant Board of County Commissioners of Frederick County, Maryland's three Motions to Dismiss.  This Court has jurisdiction over the matters pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and pursuant to 42 U.S.C. § 1983.  The issues have been fully briefed by the parties and a hearing was held before this Court on July 23, 2007.  For the reasons that follow, Defendant's Motions to Dismiss are GRANTED as to Plaintiffs' federal and state constitutional claims.  The Motions to Dismiss are DENIED as to the remaining state claims, which are REMANDED to the Circuit Court for Frederick County, as this Court declines to exercise supplemental jurisdiction over them.

## BACKGROUND

The facts are reviewed in a light most favorable to the Plaintiffs.  *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

### Promotions Policy

In November of 2005, Frederick County's Division of Fire and Rescue Services

("DFRS") adopted an Administrative Operations Manual ("the Manual").  (*Finnin* Pls.' Mem. Opp'n Mot. Dismiss ¶ 14.)  Section B3.19.2 of the Manual sets forth the minimum eligibility requirements for promotion to various ranks within DFRS including Lieutenant, Captain, and Battalion Chief.   (*Finnin* Def.'s Mem. Supp. Mot. Dismiss Ex. 10.)  Pursuant to this provision, between March 14, 2006, and March 31, 2006, DFRS accepted applications from those officers eligible for a competitive promotion to three positions at the rank of Battalion Chief and thirteen positions at the rank of Fire/Rescue Lieutenant.  (*Finnin* Pls.' Mem. Opp'n Mot. Dismiss ¶ 20; *Scott* Pl.'s Mem. Opp'n Mot. Dismiss ¶ 19.)  Charles Scott ("Scott"), who held the rank of Firefighter III, applied for a Lieutenant position.  (*Scott* Compl. ¶ 11.)  Kevin Finnin ("Finnin") and Dennis Wenner ("Wenner"), both Captains, applied for Battalion Chief positions.  (*Finnin* Compl. ¶¶ 12, 16.)

During the two week application period, DFRS issued a "Clarification for the 2005 Battalion Chief Promotions."  (*Finnin* Pls.' Mem. Opp'n Mot. Dismiss ¶ 16.)  In this document, DFRS stated that "the requirement of three years in grade as a uniformed Fire/Rescue Captain will not be in effect for the tenure of the Battalion Chief Promotional Eligibility List that will be created by this examination process."  (*Id.*)  Prior to this "Clarification," the only DFRS officers eligible for promotion to the rank of Battalion Chief were Captains.  (*Finnin* Def.'s Mem. Supp. Mot. Dismiss 7, n. 4.)

On April 10, 2006, pursuant to General Order 06-011, candidates were selected for the Battalion Chief and Lieutenant positions.  (*Id.* at Ex. 16.)  Plaintiffs Finnin, Wenner, and Scott were not chosen for a promotion.  (*Id.* at Ex. 16.)

The Frederick County Personnel Rules set out a four-step process when an employee files

a grievance against an action taken by the County or one of its divisions.  The Personnel Rules do not allow for grievances regarding "negotiations of wages [or] salaries . . . [and] non-selection for a position or promotion to a County position. . . ."  (*Brown* Def.'s Mem. Supp. Mot. Dismiss Ex. 4 at 23.)  A grievance must be filed "[w]ithin ten days after the event giving rise to the grievance. . . ."  (*Id.*)  If an employee is unsatisfied with the initial resolution of his grievance, he may appeal to his Department Head within five working days of the initial resolution.  (*Id.*)  If the resolution of this second step is unsatisfactory, an aggrieved employee may appeal the prior determination to his Division Head.  (*Id.*)  Finally, if the aggrieved employee finds the Division Head's decision unavailing, he must request a hearing and final determination of the issue before the Board of County Commissioners of Frederick County ("the Board") within five days of the Division Head's decision.  (*Id.*)

On April 12, 13, and 18, 2006, Finnin, Wenner, and Scott, respectively, submitted grievances regarding the promotions process to DFRS.  (*Finnin* Compl. ¶¶ 12, 17; Scott Compl. ¶ 11.)  Their grievances were based on several noted inadequacies in the promotions process, including the fact that the three Plaintiffs knew some or all of the interview evaluators, the evaluation panels consisted of two rather than three persons, officers were promoted without sufficient rank or time in grade, favoritism was exhibited towards certain applicants, the promotions process was delayed, and those holding the rank of Captain were discriminated against.  (*See*, *e.g.*, *Finnin* Compl. ¶ 13.)

On April 20, 2006, the Director of DFRS denied Wenner's and Finnin's grievances, because final decisions regarding the eligibility requirements, interview process, and ranking criteria were not made within ten days of the aggrieved action.  (*Finnin* Compl. ¶¶ 14, 19.)  On

June 2, 2006, Scott's grievance was denied for the same reasons.  (*Scott* Compl. ¶ 13.)

Wenner and Finnin pursued a hearing before the Board on June 29, 2006.  During this hearing, the Board heard argument regarding whether Plaintiffs' grievances were timely and whether Plaintiffs' grievances were "grievable" under DFRS rules.  On September 5, 2006, the Board ruled that Plaintiffs' grievances for lack of promotion were not "grievable" and they were untimely.  (*Finnin* Def.'s Mem. Supp. Mot. Dismiss 10.)  Scott also requested an appeal.  After a September 25, 2006 hearing, the Board reached the same determination in his case on October 17, 2006.  (*Scott* Def.'s Mem. Supp. Mot. Dismiss Ex. 1 at 4.)

Finnin and Wenner filed a Complaint in the Circuit Court for Frederick County on October 30, 2006 against the Board of County Commissioners of Frederick County, Maryland. The Complaint contains six counts for each of the two Plaintiffs: (1) declaratory judgment, (2) injunctive relief, (3) writ of mandamus, (4) writ of certiorari, (5) state constitutional rights violations, and (6) violation of federal constitutional rights, pursuant to 42 U.S.C. § 1983.  On December 27, 2006, the case was removed to this Court (Case No. RDB-06-3429).  On January 4, 2007, Defendant filed a Motion to Dismiss.  (*Finnin* Paper No. 7.)

On November 9, 2006, Scott filed a Complaint against the Board seeking the same forms of relief.  On January 5, 2007, his case was removed to this Court (Case No. RDB-07-30), and, on January 8, 2007, the Board filed a Motion to Dismiss (*Scott* Paper No. 5).

<u>Pay Policy</u>

On May 26, 2006, twenty-two officers in DFRS who held ranks to which other officers were recently promoted, learned that those newly promoted officers were receiving higher salaries than were then being received by those twenty-two officers.  (*Brown* Pls.' Mem. Opp'n

Mot. Dismiss ¶ 5 .)  On July 13, 2006, the DFRS director conducted a group grievance hearing and subsequently denied the officers' grievances because they centered on the negotiation of wages and salaries.  (*Id.* ¶ 7.)  The officers pursued their grievances further, and, on September 27, 2006, the Board conducted a hearing regarding whether the grievances were timely and "grievable" under the Personnel Rules.  (*Id.* ¶ 8.)  On October 5, 2006, the Board denied their appeal and ruled that a grievance could not be filed regarding the rates at which DFRS officers are compensated.  (*Id.* ¶ 10.)

On November 14, 2006, the twenty-two officers[1] ("*Brown* Plaintiffs") filed a Complaint in the Circuit Court for Frederick County against the Board.  The Complaint contains six counts for each Plaintiff: (1) declaratory judgment, (2) injunctive relief, (3) writ of mandamus, (4) writ of certiorari, (5) state constitutional rights violations, and (6) violation of federal constitutional rights, pursuant to 42 U.S.C. § 1983.  The case was removed to this Court on January 5, 2007 (Case No. RDB-07-32).  On January 12, 2007, Defendant filed a Motion for Lack of Jurisdiction, or in the alternative, for Failure to State a Claim.  (*Brown* Paper No. 13.)

## STANDARDS OF REVIEW

### I.      Dismissal for Lack of Jurisdiction

Defendant seeks the dismissal of the pay policy claims in the *Brown* case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Generally, when reviewing a motion to dismiss where the jurisdictional allegations of the

---

[1] The Plaintiffs in the *Brown* case include: Battalion Chiefs Doug Brown and David Chisolm, Captains Kevin Finnin and Dennis Wenner, and Lieutenants Andy Pryce, Carl R. Lawson, Christopher Morlan, Curtis Duval, Daniel Healy, Donald Bennett, George Thomas, IV, Jeffrey Shippey, John Hahn, John Neary, Kenneth Day, Newman C. Carmack, Paul D. Wallick, Richard Hartle, Robert T. Freeman, Jr., Steve Shook, Vernon Wachter, and William K. Metcalf.

complaint are purported to be defective, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). However, courts should accept a plaintiff's well-pleaded allegations as true and construe the complaint in favor of the plaintiff. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768 (citations omitted).

Furthermore, "[u]nlike the procedure in a Rule 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a Rule 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Adams,* 697 F.2d at 1219. A 12(b)(1) motion should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Moffet v. Computer Scis. Corp.*, 457 F. Supp. 2d 571, 578 (D. Md. 2006) (quoting *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768). When ruling on a 12(b)(1) motion, courts accept the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 995 (D. Md. 2002).

## II.     Dismissal for Failure to State a Claim

Defendant seeks to dismiss all of the Plaintiffs' causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint'" and not to "'resolve contests surrounding the facts, the merits

of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman*, 417 F.3d at 420; *Ibarra v. United States,* 120 F.3d

472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The

court must disregard the contrary allegations of the opposing party.  *A.S. Abell Co. v. Chell*, 412

F.2d 712, 715 (4th Cir. 1969).  However, in considering a motion to dismiss, the court "need not

accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal

conclusions drawn from the facts."  *E. Shore Mkts., Inc.,* 213 F.3d at 180; *see also Sensormatic*

*Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).

## DISCUSSION

### I.      Constitutional Claims

Plaintiffs in the three related cases before this Court have alleged that the Board of

County Commissioners of Frederick County ("the Board") violated their federal and Maryland

constitutional rights.[2]  The Maryland Court of Appeals has held that "Article 24 of the Maryland

Declaration of Rights and the Fourteenth Amendment of the United States Constitution have the

same meaning, and that Supreme Court interpretations of the Fourteenth Amendment function as

authority for interpretation of Article 24."  *Pitsenberger v. Pitsenberger*, 410 A.2d 1052, 1056

(Md. 1980); *see also Peacock v. Mayor and City Council of Baltimore*, 199 F. Supp. 2d 306, 310

n.4 (D. Md. 2002) (citing *Pitsenberger*, 410 A.2d at 1056).  Therefore, this Court's analysis with

respect to Plaintiffs' federal constitutional claims will be applied to their state constitutional

claims as well.

---

[2] The Plaintiffs' federal constitutional claims are set forth in Counts 6 and 12 of the
*Finnin* case, Count 6 of the *Scott* case, and Counts 6, 12, 18, 24, 30, 36, 42, 48, 54, 60, 66, 72,
78, 84, 90, 96, 102, 108, 114, 120, 126, and 132 of the *Brown* case.  The Plaintiffs' state
constitutional claims are set forth in Counts 5 and 11 of the *Finnin* case, Count 5 of the *Scott*
case, and Counts 5, 11, 17, 23, 29, 35, 41, 47, 53, 59, 65, 71, 77, 83, 89, 95, 101, 107, 113, 119,
125, and 131 of the *Brown* case.

A.        **Standing and the *Brown* Constitutional Claims**

As a prefatory matter, Defendant contends that the *Brown* Plaintiffs lack standing to challenge the Division of Fire and Rescue Services' ("DFRS") pay policies on federal or state constitutional grounds.[3]  To meet the standing requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Allen v. Wright*, 468 U.S. 737, 750 (1984); *see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000).  It is well established that a plaintiff must prove three elements: "(1) injury in fact; (2) traceability; and (3) redressability."  *Friends of the Earth*, 204 F.3d at 154; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  This Court finds that the *Brown* Plaintiffs have failed to establish the first and third elements of standing with respect to their constitutional claims.

As to the first element, injury in fact is recognized as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted).  In other words, "the injury must affect the plaintiff in a personal and individual way."  *Id.* at 560 n.1. The *Brown* Complaint alleges generally that the Plaintiffs' constitutional rights were violated because "more recently promoted individuals were receiving more compensation than the Plaintiffs of similar grade and rank. . . ."  (*Brown* Compl. ¶ 36.)  However, Defendant aptly notes that the *Brown* Plaintiffs cannot demonstrate any injury in fact because they "suffered no diminution in pay or benefits."  (*Brown* Def.'s Mem. Supp. Mot. Dismiss 12.)  It is undisputed

---

[3] Because this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, as discussed below, the issue of standing as to those state claims need not be reached.

that the *Brown* Plaintiffs were not demoted, nor did their pay decrease.  Thus, DFRS's actions

did not directly or individually invade any of their property interests.  Accordingly, the *Brown*

Plaintiffs cannot show that they suffered any injury in fact.

Furthermore, the third element of standing, redressability, requires that it be "likely as

opposed to speculative that the injury will be redressed by a favorable decision."  *Lujan*, 504

U.S. at 560 (internal quotations omitted).  In this case, the Plaintiffs seek several remedies from

this Court, including injunctive and declaratory relief.  Even if this Court were to find in favor of

the Plaintiff, the remedies would not redress the underlying problem—the pay policy—which

was enacted by the Board of County Commissioners of Frederick County.  It is not the function

of this Court to dictate a pay policy to the Board of County Commissioners of Frederick County.

Any ruling by this Court in favor of the Plaintiffs would not affect that policy decision by the

Board, and there is no guarantee that the Plaintiffs will be promoted in the future even with a

favorable ruling.  Thus, Plaintiffs have failed to show that a favorable ruling will redress the

alleged injury.  Accordingly, Plaintiffs have failed to prove the first and third elements of the

standing test, and this Court, therefore, lacks subject matter jurisdiction over the *Brown*

constitutional claims.[4]  Accordingly, the Defendant's Motion to Dismiss the Brown

constitutional claims shall be GRANTED.

**B.     Equal Protection**

The *Finnin* and *Scott* Plaintiffs allege that the promotional policies of DFRS violated

their rights under both the Equal Protection Clause and the Due Process Clause of the Fourteenth

---

[4] For the remainder of this Memorandum Opinion, this Court assumes that it has subject matter jurisdiction over the *Brown* constitutional claims in order to show alternative reasons why that case must be dismissed.

Amendment.[5]  First, they claim that irregularities in the promotions process, disparities in pay, and the Board's allegedly improper construction of its own personnel rules violated their right to equal protection of the law.

The Fourteenth Amendment of the United States Constitution provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 2.  A State action must either invade a fundamental right or classify persons along suspect lines in order to violate the Equal Protection Clause of the Fourteenth Amendment.  *Adkins v. Rumsfeld*, 464 F.3d 456, 469 (4th Cir. 2006). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity.  Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose."  *Id.* (citations and quotation marks omitted).  If specific legislation is at issue, "the general rule is that [it] is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

The Fourth Circuit Court of Appeals has articulated a two-step test when evaluating equal protection claims.  First, the court must determine "whether the purpose that animates [the challenged] laws and regulations is legitimate."  *Adkins*, 464 F.3d at 469 (quoting *Smith Setzer & Sons, Inc. v. Procurement Review Panel*, 20 F.3d 1311, 1320 (4th Cir. 1994)) (internal quotation

---

[5] To the extent that Plaintiffs attempt to state a cause of action under the Equal Protection Clause contained in the Fifth Amendment, their claims must be dismissed because Frederick County is not an agent of the federal government.  *See Freilich v. Bd. of Dirs. of Upper Chesapeake Health, Inc.*, 142 F. Supp. 2d 679, 691 (D. Md. 2001), *aff'd*, 313 F.3d 205 (4th Cir. 2002) ("[T]he Fifth Amendment restricts only actions of the federal government. . . .").

marks omitted) (alteration in original).  Second, the Court examines "whether it was 'reasonable for the lawmakers to believe that the use of the challenged classification would promote that purpose.'"  *Id.* (quoting *W. & S. Life Ins. Co. v. State Bd. of Equalization*, 451 U.S. 648, 668 (1981)).  Plaintiffs bear the burden of showing that there is no rational basis for an allegedly discriminatory law.  *See Fed. Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993) (noting that "those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.'").

The *Finnin* and *Scott* Plaintiffs have not alleged that their fundamental rights were violated or that they were subject to a suspect classification.  Captains Finnin and Wenner argue that they were specifically targeted by the "2005 Clarification" expanding the pool of applicants for the Battalion Chief positions to non-Captains.  However, at the hearing held by this Court on July 23, counsel for Defendant pointed out that the reasons behind the policy change were (1) that there were not enough candidates at the rank of Captain to fill the open Battalion Chief spots, and (2) that DFRS wanted the most qualified candidates to be promoted, regardless of rank or time in grade.  Accordingly, this explanation must be analyzed under the rational basis test discussed above.

Even viewing the facts in a light most favorable to the Plaintiffs, it is clear to this Court that the Defendant offers a rational basis for its promotion policy, "namely, to rate candidates based on their own individual test performance and qualifications without regard to time-in-grade. . . ."  (*Finnin* Def.'s Mem. Supp. Mot. Dismiss 29.)  The Supreme Court of the United States has previously indicated that such a merit-based testing and evaluation system has a rational basis even when it negatively impacts a certain class.  *Washington v. Davis*, 426 U.S.

229, 245-46 (1976) (discussing the legitimacy of the Washington Metropolitan Police Department's policy of basing its hiring decisions on a testing process, even when a high number of African-American applicants failed the test).  Just as the *Davis* Court found that a policy of testing and evaluation was not violative of the equal protection rights of African-Americans without a more detailed showing of discriminatory intent, this Court cannot find that the asserted classification of DFRS employees into much less suspect classes, *i.e.,* their ranks, violated their equal protection rights.  As a result, Plaintiffs cannot show that DFRS's policy of basing its promotions on testing and evaluation instead of rank violates their own equal protection rights.[6]

The Board merely needs to show a rational reason for the change in promotion pay policies, and it is clear that there was one: remaining competitive.  In its submissions to the Court, the Board noted that the changes in promotion pay policies were designed to make salaries "more consistent and competitive by grade" and "to make promotions more financially worthwhile to employees."  (*Brown* Def.'s Mem. Supp. Mot. Dismiss 29.)  At the hearing held July 23, counsel for the Defendant added that the July 2005 amendments to the County's Personnel Rules were also designed to ensure that Frederick County government employees were paid comparable salaries to government employees in neighboring counties.  Finally, this Court notes that there was ample opportunity for individuals to participate in the "lengthy legislative process" that led to the revision of the promotion pay policy, and that individuals could have applied for promotions and received higher pay upon selection.  Accordingly, Defendant's Motions to Dismiss Plaintiffs' equal protection claims are GRANTED.

---

[6] As to the *Brown* Plaintiffs, assuming they had standing, their equal protection claims must fail as well.  Like the *Scott* and *Finnin* Plaintiffs, they do not allege the violation of a fundamental right or that they were subject to a suspect classification.

### C.       Due Process

The *Finnin* and *Scott* Plaintiffs next claim that the Board failed to follow its own

procedural rules and thus violated their due process rights.

The Fourteenth Amendment of the United States Constitution provides that "[n]o State

shall make or enforce any law which shall . . . deprive any person of life, liberty, or property,

without due process of the law. . . ."[7]  U.S. Const. amend. XIV, § 2.  In order to state a claim for

violations of both procedural and substantive due process, the Plaintiffs in these three cases must

first demonstrate that they have a property interest.  Property interests are found in existing rules

and state law.  *Del. v. N.Y.*, 507 U.S. 490, 501-502 (1993) (explaining that "[p]roperty interests,

of course, are not created by the Constitution, but rather by existing rules or understandings that

stem from an independent source such as state law."); *see also Logan v. Zimmerman Brush Co.*,

455 U.S. 422, 430 (1982) (noting that "the hallmark of property . . . is an individual entitlement

grounded in state law. . . ." (citations omitted)).  A property interest is only protected by the

Fourteenth Amendment when a plaintiff "[has] more than a unilateral expectation of it.  He must,

instead, have a legitimate claim of entitlement to it."  *Bd. of Regents of State Colls. v. Roth*, 408

U.S. 564, 577 (1972).

Under well-established principles of law, the *Finnin* and *Scott* Plaintiffs have no property

interest in receiving a promotion.  *See, e.g., Wineland v. County Comm'rs of Dorchester County*,

892 F. Supp. 719, 721 (D. Md. 1995) (citing *Roth*, 408 U.S. at 569); *Carter v. Md. Aviation*

*Admin.*, Civ. No. CCB-04-3065, 2006 WL 1892402, at *3 (D. Md. May 31, 2006) (Blake, J.).

---

[7] Adopting similar language, Article 24 of the Maryland Declaration of Rights provides
that "[n]o man ought to be . . . disseized of his freehold, liberties, or privileges, or . . . deprived
of his life, liberty or property, but by the judgment of his peers, or by the Law of the land."

Absent an express guarantee of or entitlement to a promotion, "Maryland state law establishes as a general rule that state and local government employees are employed at will and have no property interest in their employment." *Bowers v. Town of Smithsburg*, 990 F. Supp. 396, 398 (D. Md. 1997). Furthermore, even if a county's code creates the expectation of a promotion, a "procedure for promotion is merely procedure and not . . . a guarantee of promotion." *Andre v. Montgomery County Pers. Bd.*, 375 A.2d 1149, 1157 (Md. Ct. Spec. App. 1977) (citations omitted); *see also Prince George's County v. O'Berry*, 758 A.2d 632, 636 (Md. Ct. Spec. App. 2000).[8]

The *Finnin* and *Scott* Plaintiffs also allege that they have a property interest in a fair promotions process. However, this Court has recognized that "procedural rights in themselves do not create substantive property rights protected by the Fourteenth Amendment." *Carroll v. City of Westminister*, 52 F. Supp. 2d 546, 562 (D. Md. 1999) (quoting *Jackson v. Long*, 102 F.3d 722 (4th Cir. 1996) (internal quotation marks omitted). Because they cannot identify a property interest at stake, the *Scott* and *Finnin* Plaintiffs have failed to state a claim upon which relief can be granted as to their due process claims. Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' due process claims.[9]

---

[8] In their submissions to the court, the parties discussed the application of the doctrine first announced in *United States ex. Rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), that "[a]n agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down." *United States v. Heffner*, 420 F.2d 809, 811 (1969). However, at the hearing held on July 23, counsel for the Plaintiffs and the Defendant agreed that the *Accardi* doctrine does not apply to this case.

[9] Like the *Finnin* and *Scott* Plaintiffs, the *Brown* Plaintiffs do not have a property interest in the County following its own procedural rules. *See Carroll*, 52 F. Supp. 2d at 562 (citation omitted). Thus, this Court must next examine whether any sort of deprivation of that property

C.      Attorney's Fees in the *Brown* Case

Defendant contends that because the *Brown* Plaintiffs lack standing to press their claims

based on the promotions pay policy, it is entitled to an award of attorney's fees.  Defendant also

argues that it is entitled to a reasonable award of attorney's fees because all of the Plaintiffs'

equal protection and due process claims are entirely without merit.

Attorney's fees may be awarded "[i]n any action or proceeding to enforce a provision of

section[] . . . 1983 . . . of this title. . . ."  42 U.S.C. § 1988(b) (2007).  When a defendant prevails

in an action brought under 42 U.S.C. § 1983, attorney's fees should be awarded to the defendant

if the court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation,

even though not brought in subjective bad faith."  *DeBauche v. Trani*, 191 F.3d 499, 510 (4th

Cir. 1999) (internal citations omitted)).  When considering an award of attorney's fees, the Court

should not simply view a plaintiff's claim as lacking merit because the defendant ultimately

prevailed.  *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978) (noting that "it

is important that a district court resist the understandable temptation to engage in *post hoc*

reasoning").  District courts should also tread carefully when awarding attorney's fees against a

plaintiff in a § 1983 suit because this would undermine Congress' intent of allowing citizens to

interest occurred.  The *Brown* Plaintiffs do not allege that their pay was decreased or that they
were demoted after the revision of the Frederick County Personnel Rules.  Instead, they simply
allege that other officers of their rank were paid more.  In *Huang v. Board of Governors of
University of North Carolina*, 902 F.2d 1134, 1142 (4th Cir. 1990), the Fourth Circuit Court of
Appeals held that the transfer of a tenured professor at a public university from one department
to another did not violate the Due Process Clause, because there was no "loss of rank or pay."
This case presents an even weaker argument for a due process violation, because, unlike the
plaintiff in *Huang*, the *Brown* Plaintiffs allege no change to their employment at all.  Because no
set of facts could be presented that would result in a finding that the *Brown* Plaintiffs' property
interest in their compensation was invaded, their due process rights have not been violated.

vigorously enforce their constitutional rights.  *Id.* at 422.  Furthermore, the Fourth Circuit Court

of Appeals recognizes the chilling effect that an award of attorney's fees in a § 1983 action could

have upon other plaintiffs seeking to vindicate their Constitutional rights.  *Hutchinson v.*

*Stanton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Arnold v. Burger King Corp.*, 719 F.2d 63,

65 (4th Cir. 1983), and *Lotz Realty Co. v. U.S. Dep't of Hous. & Urban Dev.*, 717 F.2d 929, 932

(4th Cir. 1983)).

Although the constitutional claims set forth in the Plaintiffs' complaints have failed to

state claims upon which relief can be granted, that does not mean that their claims were

completely without merit.  A plaintiff should not be punished for vigorously contesting

purported violations of his constitutional rights.  This Court finds that an award of attorney's fees

in those cases would have the "chilling effect" previously addressed by the Fourth Circuit.

Therefore, Defendant's request for an award of attorney's fees pursuant to 42 U.S.C. § 1988(b) is

DENIED.

## III.    Supplemental Claims

Pursuant to the Maryland Annotated Code and common law, Plaintiffs also seek

declaratory and injunctive relief as well as writs of mandamus and certiorari.  This Court may

exercise supplemental jurisdiction over claims that are not properly brought under 28 U.S.C. §§

1331 and 1332.  *See* 28 U.S.C. § 1367.  However, pursuant to 28 U.S.C. § 1367(c)(3), this Court

has the discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all

claims over which it has original jurisdiction. . . ."

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme

Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of

comity and to promote justice between the parties, by procuring for them a superfooted reading

of applicable law." The *Gibbs* Court went on to say that "if the federal law claims are dismissed

before trial . . . the state claims should be dismissed as well." *Id.* It seems especially appropriate

to decline supplemental jurisdiction over claims such as challenges to the enforcement of a

county ordinance which, once stripped of its federal constitutional issues, deals with the day-to-

day operations of a local government. It is not the function of this Court to provide an overview

of the pay and promotional policies of the Frederick County government. Challenges to that

functioning as set forth in the state claims should be addressed by the Circuit Court for Frederick

County. Thus, this Court declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental

jurisdiction over Plaintiffs' non-constitutional claims for relief. Accordingly, Defendant's

Motions to Dismiss are DENIED as to these claims, which are remanded to the Circuit Court for

Frederick County for further proceedings.

## CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss are hereby GRANTED as to

Plaintiffs' federal and state constitutional claims, as set forth in the Orders to follow, which are

dismissed with prejudice. Defendant's Motions to Dismiss are DENIED as to the remaining

state law claims, as set forth in the Orders to follow, as this Court declines to exercise its

supplemental jurisdiction. Those claims are REMANDED to the Circuit Court for Frederick

County. Three separate Orders follow.

/s/_____
Richard D. Bennett
Dated: July 31, 2007                         United States District Judge

-19-